UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 5:21-cr-00111

WILLIAM POPE.

## MEMORANDUM OPINION AND ORDER

Defendant William Pope was indicted for Distribution of Fentanyl in violation of Title 21 U.S.C. § 841(a)(1), as charged in Counts One and Two of the Indictment, and Distribution of Heroin in violation of Title 21 U.S.C. § 841(a)(1), as charged in Count Three.

He appeared on October 1, 2021, and pled guilty to Count Three. The Court directed the United States Probation Office to prepare a Presentence Investigation Report ("PSR") in anticipation of sentencing. After careful review of the PSR and performing its own calculations, the Court directs certain changes be made to relevant conduct amounts determined under the United States Sentencing Guidelines ("Guidelines").

### I.

The Guidelines are used to "'establish a sentencing range' 'for each category of offense involving each category of defendant.'" *United States v. Moses,* 2022 WL 163960, at *4 (4th Cir. Jan. 19, 2022) (internal citation omitted). Importantly, the Guidelines were created to "'provide certainty and fairness . . . [and] avoid[] unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct.'" *Id.* (internal citation omitted). The Guidelines are advisory and assist the Court in determining a reasonable sentence. *United States v. Booker*, 543 U.S. 220 (2005); *United States v. Hughes*, 401

F.3d 540 (4th Cir. 2005). While the Guidelines are no longer mandatory, the Court must accurately calculate the appropriate Guideline range. *United States v. Raby*, 575 F.3d 376, 381 (4th Cir. 2009); *United States v. Evans*, 526, F.3d 155, 160 (2008); *Gall v. United States*, 552 U.S. 38, 51 (2007). A defendant's sentence, if imposed within the Guideline range, must be reasonable, though not presumptively so. *Nelson v. United States*, 550 U.S. 350, 352 (2009); *United States v. Foote,* 784 F.3d 931, 941 (4th Cir. 2015).

If the defendant does not contest information in the PSR, the district court may adopt the PSR and its recommendations without making additional findings. *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990). When a sentencing court changes a defendant's base offense level from that recommended in the PSR, the court must provide specific fact-finding. *United States v. Goff*, 907 F.2d 1441, 1445 (4th Cir. 1990), *superseded on other grounds by* U.S. Sentencing Guidelines Manual app. C amend. 508.

## II.

The Probation Officer prepared the PSR on November 24, 2021, and revised it December 27, 2021, and January 3, 2022.

As part of an investigation of a large-scale drug trafficking organization, local law enforcement and officers from the Beckley/Raleigh County Drug and Violent Crime Unit directed confidential informants to purchase controlled substances from Mr. Pope. The first purchase on February 6, 2020, the subject of Count One of the Indictment, attributed Mr. Pope with "3.256 grams of a controlled substance containing a mixture of fentanyl and tramadol." [PSR at 6, ¶ 15]. The second purchase on February 6, 2020, the subject of Count Two, attributed him with "3.224 grams of a controlled substance containing a mixture of fentanyl and tramadol." [*Id.* ¶ 17]. The

purchase on February 13, 2020, the subject of Count Three, attributed him with "3.412 grams of a controlled substance containing a mixture of *heroin*, fentanyl, and tramadol." [*Id.* ¶ 19 (emphasis added)]. Officers Mirandized and interviewed Mr. Pope on July 7, 2021, whereby he admitted to selling heroin in West Virginia. He stated he sold *heroin* for $80 to $90 per gram, and he made approximately $5,000 to $6,000 from sales. [*Id.* ¶ 21].

Based upon this information, the Probation Officer calculated Mr. Pope distributed approximately 55.56 grams of heroin by dividing the $5,000 proceeds by $90 per gram. The Probation Officer then subtracted the attributable drug weight from the aforementioned three controlled buys from the amount of heroin Mr. Pope admitted to selling, attributing him with 45.668 grams of heroin. [*Id.* ¶ 22]. He determined the controlled substances within Counts One and Two attributed Mr. Pope with 6.48 grams of a substance containing a mixture of fentanyl and tramadol. The controlled substances within Count Three attributed him with 3.412 grams of a substance containing a mixture of *heroin*, fentanyl, and tramadol. Pursuant to U.S.S.G. § 2D1.1(c) Notes to Drug Quantity Table (A), a mixture or substance containing more than one controlled substance is attributed the controlled substance yielding the greater offense level. Here, Mr. Pope, if attributed the weight of all three controlled purchases, would be responsible for 9.892 grams of fentanyl. [*Id.* ¶¶ 29-31].

By the Probation Officer's calculation, Mr. Pope is attributed with 9.892 grams of fentanyl, resulting in 24.73 kilograms of Converted Drug Weight. Mr. Pope is attributed with 45.668 grams of heroin, resulting in 45.668 kilograms of Converted Drug Weight. This results in a total attributed Converted Drug Weight of 70.398 kilograms. U.S.S.G. § 2D1.1(c)(10) provides this Converted Drug Weight is at least 60 kilograms but less than 80 kilograms, resulting in a Base Offense Level of 20. [*Id.* ¶¶ 32-35]. Pursuant to U.S.S.G. § 3E1.1(a), the Probation Officer

decreased the Offense Level by two levels because of Mr. Pope's acceptance of responsibility. Mr. Pope has cooperated with authorities in the investigation and prosecution of the offense, decreasing the Offense Level by one level pursuant to U.S.S.G. § 3E1.1(b). Mr. Pope's Total Offense Level is 17. [*Id.* ¶¶ 42-44].

Mr. Pope's criminal history score is three, establishing a criminal history category of II according to the sentencing table in U.S.S.G. Chapter 5, Part A. [*Id.* ¶ 83]. With a Total Offense Level of 17 and a Criminal History Category of II, the advisory Guideline provisions are as follows: (1) 27 to 33 months incarceration; (2) 3 years supervised release; and (3) a fine of $10,000 to $1,000,000. [*Id.* ¶¶ 112-117, 128-130]. Mr. Pope objected to the Probation Officer's calculation of the Guidelines, contending he should receive a two-level minor participant reduction. The Probation Officer declined to apply the reduction. [*Id.* at 33-34; Doc. 32 at 1]. Mr. Pope nor the Government objected to the Converted Drug Weight quantities as calculated.

### III.

The Court's concern is drawn by the provisions in Paragraph 22 of the PSR, which states:

> Based on his statements to investigating officers, Pope is believed to have distributed approximately 55.56 grams of [] heroin. ($5,000 divided by $90 per gram is equal to 55.56 grams). To avoid the risk of double counting, the attributable drug weight from the controlled buys on February 6, 2020, and February 13, 2020, have been deducted from the 55.56 grams. Thus, Pope is attributed with distributing 45.668 grams of heroin (55.56 grams – 3.256 grams – 3.224 grams – 3.412 grams = 45.668 grams).

[PSR ¶ 22]. It appears the Probation Officer subtracted the drug amounts from the controlled buys from the total amount of *heroin* Mr. Pope admitted to distributing. But the substances from the controlled buys on February 6, 2020, contained a mixture of fentanyl and tramadol, while the

substances from the February 13, 2020, buy contained a mixture of *heroin*, fentanyl, and tramadol. The Probation Officer correctly attributed the substances from the first two controlled buys as fentanyl for Guideline calculation purposes, as fentanyl yields the highest offense level of the three substances. U.S.S.G. § 2D1.1(c) Notes to Drug Quantity Table (A). As noted, however, the third controlled buy included a quantity of *heroin*.

In the Court's view, a conservative assessment of the mixture of substances from the third controlled buy on February 13 should be viewed as falling within the Defendant's admission and hence treated as heroin alone and not otherwise separately countable. Therefore, the appropriate amount of heroin to calculate Converted Drug Weight remains 55.56 grams, less the February 6 controlled purchases that do not contain heroin. Respecting the two February 6 controlled buys, Application Note 8(B) to U.S.S.G. § 2D1.1 provides when multiple controlled substances are present, each drug should be converted to Converted Drug Weight and added together.

Here, one gram of fentanyl is equivalent to 2.5 kilograms of Converted Drug Weight, and one gram of heroin is equivalent to one kilogram of Converted Drug Weight. U.S.S.G. § 2D1.1(c). Using the higher applicable amount for the fentanyl from the February 6 controlled purchases results in 16.2 kilograms of Converted Drug Weight and 55.56 kilograms of Converted Drug Weight for the heroin arising from the Defendant's admission, totaling 71.76 kilograms of Converted Drug Weight. The Court thus concludes the correct amount of relevant conduct in this matter is 71.76 kilograms of Converted Drug Weight, as opposed to the 70.398 kilograms calculated in the PSR. This change, however, results in the same Guidelines range as calculated by the Probation Officer.

### IV.

Based upon this discussion, the Court hereby **ORDERS** counsel for Mr. Pope to respond to this Order no later than **February 11, 2022.** The Government should submit its response no later than **February 18, 2022.** Mr. Pope's reply, if any, should be submitted no later than **February 25, 2022.**

The Court **ORDERS** that final disposition of this matter be scheduled for **April 1, 2022, at 10:00 a.m. in Beckley**, and that the Defendant shall remain upon the previously executed bond, subject to the conditions set forth in the Order Setting Conditions of Release previously filed in the Eastern District of Michigan.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: February 4, 2022



Frank W. Volk
United States District Judge